IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MILFORD LEE ROOP                                                PETITIONER

v.                                                          No. 1:17CV156-GHD-DAS

M.D.O.C. JOHN DOES, ET AL.                                    RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Milford Lee Roop for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Roop has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

Milford Lee Roop pled guilty in Itawamba County Circuit Court to the charge of "burglary and larceny of a church" and was sentenced on June 8, 2016, to serve a term of fourteen years in the custody of the Mississippi Department of Corrections (MDOC), with eight years suspended and five years post-release supervision. *See* Exhibit A.[1] The records of the Itawamba County Circuit Court reflect that Mr. Roop filed documents challenging his plea and sentence in that court. On November 9, 2016, Mr. Roop signed a "Motion for Post-Conviction Collateral Relief," which was stamped "filed" on January 9, 2017, in Itawamba County Circuit Court Cause No. CV2017-00003. *See* Exhibit B. The trial court denied the motion on February 10, 2017, finding that Mr. Roop's claims were without merit. *See* Exhibit C. The court granted

_____

[1] The exhibits referenced in the instant memorandum opinion may be found in the State's motion to dismiss.

Mr. Roop's application to proceed *in forma pauperis* the same day. *See* Exhibit D. Mr. Roop

did not file a notice of appeal from the lower court's decision denying post-conviction collateral

relief. *See* Exhibit E.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or the laws of the United
> States is removed, if the applicant was prevented from filing by such State
> action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

(2) The time during which a properly filed application for State postconviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. Roop's state conviction became final for the purposes of 28 U.S.C. § 2244(d) on

June 8, 2016 – the date the trial court entered judgment on his plea of guilty. Thus, his initial

federal *habeas corpus* deadline was June 8, 2017. However, Mr. Roop enjoyed statutory tolling

under 28 U.S.C. § 2244(d)(2) from the date his state application for post-conviction relief was

signed (November 9, 2016), until the date the circuit court entered the order denying that motion (February 10, 2017), a period of ninety-three days – moving his federal *habeas corpus* deadline to September 11, 2017.[2]

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on September 20, 2017, and the date it was received and stamped as "filed" in the district court on September 26, 2017. Giving the petitioner the benefit of the doubt by using the earlier date, Mr. Roop filed the instant petition nine days after the September 11, 2017, filing deadline. Mr. Roop missed the one-year deadline of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); however, the Fifth Circuit has rigorously enforced that limitations period, holding:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally.

*Lookingbill v. Cockrell,* 293 F.3d 256 (5th Cir. 2002). With such clear guidance, this court must also apply the limitations period strictly.

Mr. Roop has not alleged any "rare and exceptional" circumstances to warrant equitable

---

[2] Statutory tolling would have put the limitations period on September 9, 2017, which fell on a Saturday. Thus, the deadline for Mr. Roop to file a federal petition for a writ of *habeas corpus* became Monday, September 11, 2017 (the next business day).

tolling; thus, the *habeas corpus* deadline remains September 11, 2017. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED**, this, the ___17___[th] day of April, 2018.

                                                            _____
                                                            SENIOR JUDGE